IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                       CRIMINAL NO. 1:22-CR-50-GHD-DAS

GARY RICKS                                      DEFENDANT

## ORDER DENYING *PRO SE* MOTION FOR COMPASSIONATE RELEASE

Presently before the Court is the Defendant's Motion for Compassionate Release [503], which he filed under 18 U.S.C. 3582(c)(1)(A). Upon due consideration and for the reasons set forth herein, the Court denies the Defendant's motion.

*Relevant Background*

The Defendant Gary Ricks pled guilty to conspiracy to possess with intent to distribute and distribution of a detectable amount of methamphetamine (mixture and substance) [255]. On March 17, 2023, the Court sentenced Ricks to serve a term of imprisonment of 188 months [386]. Ricks, who is 46 years of age, is currently housed at Butner Low FCI, North Carolina, with an expected release date of November 27, 2035.[1] Ricks has served approximately 20 months of his 188-month sentence (10.6%). Now, Ricks requests that the Court reduce his sentence to time-served, contending that he suffers from chronic heart failure which inhibits his ability to provide self-care in an incarcerated environment [503].

*Analysis and Discussion*

"A judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" *U.S. v. McCallister*, No. 13-320-01, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). Although the Court's

---

[1]    See https://www.bop.gov/inmateloc/.

authority to modify a sentence of imprisonment is limited, 18 U.S.C. § 3582(c)(1)(A) provides such authorization.

Under Section 3582(c)(1)(A)(i), the Court may modify a previously imposed term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The statute also contains an exhaustion of administrative remedies requirement, specifically stating that the district court may act to modify the sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *Id.* at § 3582(c)(1)(A).

Here, Ricks has failed to exhaust his administrative remedies because he has failed to apply for compassionate release to the Bureau of Prisons (BOP). Ricks' sole attempt to comply with the administrative remedies requirement consists of his sending an email to the Warden at Butner Low FCI requesting to be considered for compassionate release [510-1]. BOP responded to his email and instructed him to contact his "Unit Team for the necessary paperwork and the proper steps to complete a reduction in sentence/compassionate release request." [510-2]. Ricks has failed to do so.

Because Ricks has failed to follow the necessary steps to have his request for compassionate release reviewed, he has failed to exhaust his administrative remedies. Consequently, his motion for compassionate release shall be denied. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would

itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). However, exceptions to the exhaustion requirement apply only in "extraordinary circumstances", and the defendant bears the burden of demonstrating the futility of administrative review. *Id.* In this case, Ricks has failed to demonstrate "extraordinary circumstances" or the futility of the administrative process.

Ultimately, Ricks bears the burden to establish that he is entitled to compassionate release. See, e.g., *U.S. v. Crandle*, No. 10-35-SDD-RLB, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Here, the Court finds that Ricks has failed to exhaust his administrative remedies and has further failed to show the existence of extraordinary and compelling reasons justifying the significant sentence reduction which he has requested. Accordingly, his motion shall be denied.

### Conclusion

For all of the foregoing reasons, the Court finds that the Defendant has not shown that his sentence should be modified, and therefore hereby ORDERS that the Defendant's motion for compassionate release [503] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 30th day of September, 2024.

_____
SENIOR U.S. DISTRICT JUDGE

3